UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10856-RWZ

THOMAS GROSSO

v.

JESSICA CURLOP MILLER

ORDER

July 8, 2011

ZOBEL, D.J.

Thomas M. Grosso ("Grosso") appeals from a May 25, 2011 order, A. 304-05, as amended June 1, 2011, A. 306, of the United States Bankruptcy Court for the District of Massachusetts finding him in contempt for failing to turn over certain diamonds to the Middlesex Sheriff.[1] These two orders arise out of an adversary proceeding in the bankruptcy of Jessica Curlop Miller, the appellee, in which she seeks to recover assets that she alleges were fraudulently taken from her by Grosso.

**I.     Background**

In November 2010 the bankruptcy court granted Miller's motion for attachment of Grosso's assets in the amount of $4.7 million. Miller recorded a writ of attachment on real estate held in Grosso's name worth substantially less than $4.7 million but was unable to locate any additional property. The bankruptcy court held a hearing on

---

[1] All citations herein are to documents appearing on the docket of case No. 11-10997. The record from the bankruptcy court is cited to as "A" and is found in Docket ## 7,8, and 12.

March 4, 2011, for the purpose of identifying other assets in Grosso's possession. On April 11 the bankruptcy court ordered Grosso to produce by April 19 three cars, "[a]ll diamonds, including the diamonds identified in Exhibit 1 to the March 4, 2011 hearing, the affidavit of [Thomas M. Grosso's uncle] Thomas C. Grosso [A. 281-82]," and other items for seizure by the Middlesex County Sheriff until the conclusion of the adversary proceeding. A. 294-98. Grosso did not produce the cars or any diamonds.

Miller moved for contempt. On May 11, at the conclusion of a hearing at which Grosso testified and made multiple statements which the bankruptcy court found untruthful, he was held in contempt for failure to produce the cars and incarcerated. A. 536-37. A hearing was scheduled for May 25 to address the other items defendant Grosso had failed to produce. Grosso appealed the May 11 contempt order to this court on May 13 and moved on an emergency basis for a stay, supported with new evidence not submitted to the bankruptcy court. His motion for a stay was denied. He returned to the bankruptcy court which, after considering the new evidence, vacated the contempt as to one of the cars, ordered him to produce the other two cars within four days, and released him from custody. A. 302-03. Grosso produced the two cars.

By the time of the May 25 hearing, Grosso was in the process of turning over all items identified in the May 11 order except the diamonds. The question before the bankruptcy court was "whether or not the defendant has possession of those diamonds for purposes of delivering them." A. 548. Grosso presented no new evidence and relied solely on arguments premised on the record of the earlier March 4 hearing. See A. 586-89. The bankruptcy court found him in contempt and ordered him to either

2

produce the diamonds or surrender himself to the U.S. Marshal Service by June 6. A. 304-05; A. 306.

Grosso filed a new appeal of the May 25 and related June 1 orders, case No. 11-10997, and again sought an emergency stay. The case was drawn to Judge Woodlock who issued a temporary stay and transferred the case to this court, as related to the prior appeal from the contempt order for failure to produce the cars. I held a hearing on June 29 and continued the stay pending a ruling on the stay motion. By agreement of the parties the two cases were consolidated under the 11-10856 case number.

II.     **Analysis**

A notice of appeal from an order of the bankruptcy court must be filed within 14 days of the date of entry of the order. Fed. R. Bankr. 8002(a). Grosso did not appeal from the April 11 order. To the extent he points to this appeal as encompassing that order, it was filed more than 40 days late. Appealing a contempt order does not open to reconsideration the underlying order alleged to have been disobeyed. <u>United States v. Allee</u>, 888 F.2d 208, 211 (1st Cir. 1989). Accordingly, Grosso cannot challenge the April 11 order.

Grosso disputes the factual finding in the May 25 and June 1 orders that he has the diamonds and it is not impossible for him to produce them. Those findings cannot be set aside unless "clearly erroneous," Fed. R. Bankr. P. 8013, such that "after a review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed," <u>In re R & R Assocs. of Hampton</u>, 402 F.3d 257, 264 (1st

produce the diamonds or surrender himself to the U.S. Marshal Service by June 6. A. 304-05; A. 306.

Grosso filed a new appeal of the May 25 and related June 1 orders, case No. 11-10997, and again sought an emergency stay. The case was drawn to Judge Woodlock who issued a temporary stay and transferred the case to this court, as related to the prior appeal from the contempt order for failure to produce the cars. I held a hearing on June 29 and continued the stay pending a ruling on the stay motion. By agreement of the parties the two cases were consolidated under the 11-10856 case number.

II.     **Analysis**

A notice of appeal from an order of the bankruptcy court must be filed within 14 days of the date of entry of the order. Fed. R. Bankr. 8002(a). Grosso did not appeal from the April 11 order. To the extent he points to this appeal as encompassing that order, it was filed more than 40 days late. Appealing a contempt order does not open to reconsideration the underlying order alleged to have been disobeyed. <u>United States v. Allee</u>, 888 F.2d 208, 211 (1st Cir. 1989). Accordingly, Grosso cannot challenge the April 11 order.

Grosso disputes the factual finding in the May 25 and June 1 orders that he has the diamonds and it is not impossible for him to produce them. Those findings cannot be set aside unless "clearly erroneous," Fed. R. Bankr. P. 8013, such that "after a review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed," <u>In re R & R Assocs. of Hampton</u>, 402 F.3d 257, 264 (1st

Cir. 2005) (internal quotation marks omitted).  Grosso admits that he had "loose diamonds" worth as much as $1.7 million which, he says, he gave to Miller.  A. 280 at ¶ 11.  She says she was never given the diamonds.  A. 272-73 at ¶ 5.

Grosso offered two affidavits, from Marty Eli Schwartz and Thomas C. Grosso, which corroborate that there were loose diamonds and place the diamonds in Miller's possession.  A. 274 at ¶ 4; A. 281-82 at ¶ 5.  However, Thomas C. Grosso testified before the bankruptcy court at the March 4 hearing and identified significant portions of his affidavit as "inaccurate," including statements about the diamonds, because "[a]t the time, I was trying to help my nephew."  A. 95-97.  He later disclosed that he told Marty Eli Schwartz to lie and he identified one specific lie in Schwartz's affidavit.  A. 103-04.  A private investigator working for Miller also testified that Thomas C. Grosso told him that "the entire thing was a lie.  The only thing that was truthful in that affidavit was line 1."  A. 169.  The bankruptcy judge did not commit clear error in concluding from the evidence that Grosso possessed loose diamonds, and rejecting the testimony of Grosso, Schwartz, and Thomas C. Grosso to the extent it placed the diamonds in Miller's possession, given their questionable credibility.  Nor, given the lack of any alternative explanation of how Grosso had disposed of the diamonds, was it clear error to find that he continues to possess them.

### III. Conclusion

Appellant's motion for a stay is DENIED and the temporary stay issued pending this ruling is vacated effective July 14, 2011.

| July 8, 2011 | /s/Rya W. Zobel |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |